IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG LAMONT BEENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1291-JDT-egb |
| | ) | |
| GRADY PERRY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON PENDING MOTIONS

The *pro se* prisoner Plaintiff, Craig Lamont Beene, who is currently incarcerated at the Turney Center Industrial Complex in Only, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint concerns Plaintiff's previous confinement at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. The case is currently undergoing screening in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The complaint was accompanied by a motion for temporary restraining order and preliminary injunction. (ECF No. 3.) Plaintiff requests that the Tennessee Department of Correction and Corrections Corporation of America, which operates the HCCF, be enjoined from harrassing him, segregating him without due process, impeding his access to the courts, retaliating against him for exercising his First Amendment right to redress of grievances, or

transferring him to a prison with less access to legal research, including computer access. (*Id.*)

The motion for injunctive relief is DENIED. Because Plaintiff is no longer incarcerated at the HCCF, his request for protection is moot. *Cf. Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

The docket reflects that Plaintiff was transferred from the HCCF to the Wayne County Annex of the Turney Center Industrial Complex ("TCIX") in Clifton, Tennessee (ECF No. 10), and from there to the main site of the TCIX in Only, Tennessee (ECF No. 13-2). Any federal claims regarding conditions at either of those facilities should be brought in the U.S. District Court for the Middle District of Tennessee.

On February 1, 2016, Plaintiff filed a motion to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff may amend his complaint once as a matter of course. Therefore, although leave of Court is technically unnecessary, the motion to amend is GRANTED. The amended complaint will be screened along with the original complaint.

Plaintiff filed a motion on August 22, 2016, seeking various relief. He first asks for the status of the case. As indicated, the case is still undergoing screening, and no process

will issue unless and until the Court orders service. Therefore, Plaintiff's request for the Clerk to submit a service package is DENIED.

Plaintiff also requests a complete copy of the file in this case, stating that TDOC employees have refused to make him copies and that most of the documents he submitted to the Court were originals. That request is also DENIED. The docket in this case is approximately 90 pages, and Plaintiff's indigent status does not entitle him to free copies. Plaintiff may obtain copies from the Clerk at a cost of 50 cents per page. He should specify which documents he wants, and the Clerk will advise him of the number of pages and the total cost. The Clerk is directed to provide Plaintiff with another copy of the docket sheet. IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE